KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DONALD F. GLUT, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. CV 13-4543 R (MANx)<br><br>Assigned to the Honorable Manual L. Real<br><br>**PROTECTIVE ORDER**<br><br>Trial Date:　　None Set<br>Action Filed:　June 21, 2013 |

55040.00146/194625.1

[PROPOSED] PROTECTIVE ORDER

The Court, having considered the Stipulated Protective Order filed by Plaintiff Mattel, Inc. and Defendant Donald F. Glut (collectively, the "Parties") on November 20, 2013 and good cause appearing therefor, hereby adopts, pursuant to Federal Rule of Civil Procedure 26(c), the terms of the Stipulated Protective Order. IT IS HEREBY ORDERED THAT:

## 1. GOOD CAUSE STATEMENT

The Parties recognize that a portion of the anticipated discovery in this matter is likely to involve production of confidential, highly sensitive financial, business or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors, and which has been the subject of reasonable efforts by the respective parties to maintain its secrecy such that protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Pursuant to Fed. R. Civ. P. 26(c), good cause exists to grant the Parties' request for a Protective Order to (1) preserve the parties' and third parties' privacy interests; (2) protect the confidential business records and proprietary information of the parties and avoid business and/or commercial injury; and (3) allow the parties to exchange information in the most expeditious fashion possible, with minimum burden, expense, dispute, and delay. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, that this Protective Order creates no entitlement to file documents under seal.

## 2. DEFINITIONS

2.1   Party: any person or entity named as a party to this litigation.

2.2   Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including among other things documents, testimony, discovery responses, transcripts or other tangible things), that are produced or generated in disclosures or through discovery in this action.

2.3   Confidential Information: confidential commercial information that shall only be disclosed as set forth in Section 7 below, which includes but is not limited to sensitive or proprietary business or financial information, sales, marketing, or product or service development strategies, tactics or plans, customer lists, business agreements or contracts, licensing negotiations and agreements, personnel information, or information furnished to the party producing the information in confidence by a third party.  The foregoing list is for purposes of example only and is not intended to include non-confidential information in one of the listed categories, nor exclude confidential information which is outside the listed categories from the protection of this Protective Order.

2.4   Attorneys' Eyes Only Information: trade secrets, confidential, sensitive or proprietary business, financial, or personal information that is particularly sensitive and which, if disclosed, other than as set forth in Section 7 below, could cause unfair disadvantage or compromise of the business or competitive or privacy interests of the disclosing party or the party to whom the information pertains.

2.5   Protected Material: any Discovery Material that is designated as "Confidential" or "Attorneys' Eyes Only."

2.6   Producing Party: a Party or non-party who produces Discovery Material.

2.7   Designating Party: a Party or non-party who designates Discovery Material as "Confidential" or "Attorneys' Eyes Only."

2.8   Receiving Party: a Party that receives Discovery Material from a

Producing Party.

## 3. SCOPE OF THE PROTECTIVE ORDER

3.1 The protections conferred by this Protective Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

3.2 The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 4. DURATION

The confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent the Parties from introducing evidence at trial to prove their case regardless of the evidence's designation under this Order. The use of any Protected Material at trial is not addressed at this time, but may be the subject of future application to the Court as the need may arise.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 A Designating Party, who reasonably believes in good faith that Discovery Material contains Confidential Information or Attorneys' Eyes Only Information, may designate such Material as "Confidential" or "Attorneys' Eyes

55040.00146/194625.1

3
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  Only" as follows:

2      a. <u>For information in documentary form</u>: by placing the legend
3  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate,
4  conspicuously on each page of the document;

5      b. <u>For information produced in some form other than documentary,
6  and for any other tangible items</u>: by affixing in a prominent place on the exterior of
7  the container or containers in which the information or item is stored the legend
8  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The hard copy or printout
9  of such material shall be treated as provided herein for such categories;

10      c. <u>For information produced in native format (e.g., spreadsheets)</u>:
11  by including in the filename(s) the legend "CONFIDENTIAL" or "ATTORNEYS'
12  EYES ONLY."

13      d. <u>For testimony given and exhibits used at deposition</u>: by making a
14  statement on the record at the deposition designating all or part of the deposition
15  transcript (or the exhibits used at the deposition) as "Confidential" or "Attorneys'
16  Eyes Only." The portions of the transcript and exhibits so identified shall be
17  separately marked and bound by the court reporter and labeled as containing
18  Confidential or Attorneys' Eyes Only Information. In addition, within twenty (20)
19  days after the court reporter notifies all counsel that a completed transcript is
20  available, any counsel may designate all or any portion of the deposition transcript
21  (and/or exhibits) as containing Confidential or Attorneys' Eyes Only Information by
22  serving a notice designating such material on all other Parties. Such notice shall
23  specify the particular portions of the transcript and any exhibits that the Designation
24  Party wishes to designate as "Confidential" or "Attorneys' Eyes Only" by listing on
25  a separate sheet of paper the numbers of the pages to the transcript and the particular
26  exhibits containing Confidential or Attorneys' Eyes Only Information, so that the
27  sheet may be affixed to the face of the transcript and each copy of the transcript.
28  Pending expiration of this twenty (20) day period, all Parties shall treat the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

testimony and exhibits as if such materials had been designated as "Attorneys' Eyes Only." If no counsel designates any portion of a transcript as "Confidential" or "Attorneys' Eyes Only" during the course of the deposition, or within the twenty (20) day period after counsel receives notice that a completed transcript is available, the transcript shall be considered not to contain any Confidential or Attorneys' Eyes Only Information. Portions of a transcript (including exhibits) designated as "Confidential" or "Attorneys' Eyes Only" may only be disclosed in accordance with the terms of this Protective Order.

5.2 Except as otherwise provided in this Order (see, e.g., 5.1(d) above), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order must be so designated before the Discovery Material is disclosed or produced. Notwithstanding the foregoing, inadvertent failure to designate information as "Confidential" or "Attorneys' Eyes Only" shall not, standing alone, constitute a waiver of a parties' right to subsequently assert confidentiality protection with respect to a particular Discovery Material. If Discovery Material is appropriately designated as "Confidential" or "Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING DESIGNATION OF PROTECTED MATERIAL

6.1 <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by

conferring directly (in voice to voice dialogue) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event on non-cooperation by the other party, attempted to engage in this meet and confer process first.

6.3     <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that sets forth in detail the basis for the challenge, but does not publicly disclose Protected Materials.  The motion shall be made in strict compliance with Local Rule 37-1 and 37-2 including the obligation to prepare and submit Joint Stipulations concerning the matters in dispute.  Applicable Federal and/or California law shall govern the burden and standard of proof on any such motion.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

# 7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     No one shall be permitted access to Protected Material except to the extent reasonably necessary to assist in the prosecution, defense, settlement, or appeal of this action.  Protected Material shall not be used by the Receiving Party for any other purpose, including without limitation any other litigation, arbitration, or claim.

7.2     <u>Confidential Information</u>:  Unless otherwise ordered by this Court or permitted in writing by the Designating Party, Confidential Information may be disclosed only to:

    a.     The Court, court personnel, or any special master, referee, or

1. mediator authorized to act in this proceeding;

    b.   Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., paralegals, legal assistants, secretaries, clerical staff, copy vendors, etc.) to whom it is reasonably necessary to disclose the information for this litigation;

    c.   Any Party who is an individual and any entity Party's current officers, directors, managing agents, or employees to whom it is reasonably necessary to disclose the information for this litigation;

    d.   Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

    e.   Any person who is expressly retained by a Party as a consultant or as a testifying expert, to the extent necessary for that person to perform his or her work on this litigation, and only after he or she has certified in writing (by executing the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A) that he or she has read this Protective Order and agrees to be bound by its terms and conditions;

    f.   Deponents, to the extent reasonably necessary to assist in the conduct or preparation of this litigation;

    g.   The author and named recipients of the Confidential Information, persons who have previously seen the Confidential Information other than through discovery or disclosures in this action, and the original source of the information.

    7.3   <u>Attorneys' Eyes Only Information</u>:  Unless otherwise ordered by this Court or permitted in writing by the Designating Party, Attorneys' Eyes Only Information may be disclosed only to:

    a.   The Court, court personnel, or any special mater, referee, or mediator authorized to act in this proceeding;

    b.   Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., paralegals, legal assistants, secretaries,

1 clerical staff, copy vendors, etc.) to whom it is reasonably necessary to disclose the
2 information for this litigation;

3     c.    The Parties' in-house litigation counsel and their assistants (e.g.,
4 legal assistants, secretaries, clerical staff, copy vendors, etc.) to whom it is
5 reasonably necessary to disclose the information for this litigation;

6     d.    Court reporters, deposition reporters, and their staff, to the extent
7 necessary to perform their duties;

8     e.    Any person who is expressly retained by a Party as a consultant
9 or as a testifying expert, to the extent necessary for that person to perform his or her
10 work on this litigation, and only after he or she has certified in writing (by executing
11 the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A) that
12 he or she has read this Protective Order and agrees to be bound by its terms and
13 conditions.

14     f.    Deponents, to the extent that the deponent was identified as
15 knowledgeable of the Attorneys' Eyes Only Information, and such information was
16 obtained legally prior to this lawsuit, and only after the deponent has certified in
17 writing (by executing the "Agreement to be Bound by Protective Order" attached
18 hereto as Exhibit A) that he or she has read this Protective Order and agrees to be
19 bound by its terms and conditions;

20     g.    The author and named recipients of the Attorneys' Eyes Only
21 Information, persons who have previously seen the Attorneys' Eyes Only
22 Information other than through discovery or disclosures in this action, and the
23 original source of the information. For the sake of clarity, the Designating Party
24 shall always have access to and be permitted to see information which it has
25 disclosed and marked as "ATTORNEYS' EYES ONLY."

26     7.4    The Party disclosing Protected Material shall retain a copy of all
27 "Agreements to be Bound by Protective Order" signed by any person to whom
28 disclosure is made, and shall provide a copy of the Agreements to opposing counsel

55040.00146/194625.1

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

at conclusion of the action.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1    If a Receiving Party is served with a subpoena or an order issued in other litigation or court proceedings that requires disclosure of Protected Material, the Receiving Party shall notify the Designating Party, in writing (by e-mail, if possible) promptly and within no more than four court days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.  The Receiving Party shall also promptly inform the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is subject to this Protective Order.

9.2    If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Protected Material until a determination has been made by the court from which the subpoena or order issued.

9.3    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which

the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court for its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court, including without limitation subpoenas issued in another action.

## 10. FILING PROTECTED MATERIAL

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain Protected Material, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion can be segregated) under seal and a proposed order. The application shall be directed to the judge to whom the papers are directed, and shall comply with the requirements of Local Rule 79-5.1.

## 11. TREATMENT OF PROTECTED MATERIAL AFTER DISPOSITION

11.1 Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Protected Material shall, at the option of the Receiving Party, either (a) be returned to counsel for the Producing Party or (b) destroyed and a certificate of destruction signed under penalty of perjury provided to the Designating Party and Producing Party. If any Protected Material is furnished under this Protective Order to any expert or consultant, the attorney for the Party retaining such expert or consultant or furnishing the Protected Material shall be responsible to ensure that the Material is returned and disposed of pursuant to this Protective Order.

11.2 Notwithstanding provision 11.1, after the final disposition of this litigation, including any appeals, counsel of record for each Party is entitled to retain for record-keeping purposes a copy of all Discovery Materials, even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to the terms of this Protective Order.

55040.00146/194625.1

10

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## 12. MISCELLANEOUS

12.1    This Protective Order may be modified only by Order of the Court on stipulation or motion by the Parties or by other Order of the Court.

12.2    No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each Party, or by an order of this Court for good cause shown.  This Protective Order shall survive any final disposition of this case, and after termination of this action, the Court shall retain jurisdiction to enforce or modify this Protective Order.

12.3    Nothing contained in this Protective Order or any designation hereunder shall be used or characterized by any party as an "admission" or waiver of any claim or defense by any Party.

12.4    By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.5    This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party with respect to Protected Material pursuant to this Protective Order.  The fact that information is or is not designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

12.6    The Parties may agree to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section 5 of this Protective Order, and nothing in the provisions of this Protective Order shall be deemed to preclude any Party or non-party from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

12.7    Nothing contained herein is intended to limit or otherwise affect a

1  Party's use of his or its own Confidential or Attorney's Eyes Only Information, or
2  the use of information obtained from a source other than discovery or disclosures in
3  this action
4
5
6  DATED: _November 22, 2013__         _____
7                                       MANUEL L. REAL
                                        United States District Judge
8

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

55040.00146/194625.1

12

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Mattel, Inc. v. Donald F. Glut*, Case No. 13-cv-4543 R (MANx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

Signature:

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

55040.00146/194625.1

13

STIPULATION AND [PROPOSED] PROTECTIVE ORDER